IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41504
Conference Calendar
_____

RICKY G. MORENO,

                                        Plaintiff-Appellant,

versus

TAMMY BUNTON; MITCHELL BRADSHAW; JOHN DOE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-98-CV-466
--------------------

August 24, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

     Ricky G. Moreno, Texas prisoner #501109, appeals from the dismissal of his civil rights action as frivolous.  Moreno argues that the district court erred by making improper factual findings when dismissing his complaint as frivolous; that the district court erred by dismissing the complaint without giving him an opportunity to amend it or to conduct discovery; that prison officials violated the Due Process Clause at his disciplinary hearing by not allowing him to call witnesses; that counsel substitute violated the Due Process Clause by failing to perform

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adequately at his disciplinary hearing; that the "John Doe" defendant violated the Due Process Clause by failing to correct the violations at Moreno's disciplinary hearing; that there was no evidence to support the disciplinary charge against him; that the hearing officer violated prison rules by the way he conducted the disciplinary hearing; and that prison officials violated the Due Process Clause and prison rules by disciplining him for refusing to accept a housing assignment with a black prisoner.

First, the punishment Moreno received in his disciplinary hearing, 45 days' recreation and commissary restriction, did not impose atypical and significant hardship on Moreno in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995)(internal citations omitted). Second, the failure of prison administrators to follow prison rules and regulations does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). Moreno has failed to demonstrate plain error regarding his contentions that prison officials violated prison rules, contentions that he raises for the first time on appeal.

Moreno's appeal is without arguable merit and is frivolous. Accordingly, the appeal is DISMISSED. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). We caution Moreno that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

APPEAL DISMISSED; WARNING ISSUED.